IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEWIS CHARLES JENKINS, ) | CIVIL NO. 18-00485 LEK-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | TO DISMISS WITH PREJUDICE |
| vs. ) | PETITION UNDER 18 U.S.C. |
| ) | § 2254 FOR WRIT OF HABEAS |
| RONALD REAGEN, ) | CORPUS |
| ) | |
| Defendants. ) | |
| ) | |

**<u>FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE
PETITION UNDER 18 U.S.C. § 2254 FOR
WRIT OF HABEAS CORPUS</u>**

Before the Court, pursuant to a referral under Local Rule 72.5 of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules") and 28 U.S.C. § 636(a) is Pro Se Plaintiff Lewis Charles Jenkins' ("Plaintiff") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed on December 10, 2018.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to entertain a writ of habeas corpus "within

their respective jurisdictions," from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2241(a) and (c)(3).  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 requires dismissal of a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the instant case, Plaintiff fails to demonstrate that he is in custody, being detained and is entitled to relief sought in a petition for a writ of habeas corpus.  Section 2242 provides that an application for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over

him and by virtue of what claim or authority, if known." 28 U.S.C. §2242.  Plaintiff does not allege any facts that show that he is being detained.  Furthermore, Plaintiff is not imprisoned.  He apparently is homeless and stays at the Institute for Human Services.  ECF No. 1.  The Court finds that the Petition does not state any cognizable federal habeas corpus claims that entitle Plaintiff to relief.

Therefore, based on the foregoing, the Court FINDS AND RECOMMENDS that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be DENIED WITH PREJUDICE.

DATED: Honolulu, Hawaii, December 14, 2018.



_____
Kevin S.C. Chang
United States Magistrate Judge