UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LEWIS CHARLES JENKINS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RONALD REAGEN,<br><br>　　　　　Defendant. | CIV. NO. 18-00485 LEK-RT |

**ORDER DENYING PETITIONER'S MOTION TO REOPEN HIS CASE**

　　　　Pro se Petitioner Lewis Charles Jenkins ("Jenkins") filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") on December 10, 2018.  [Dkt. no. 1.]  On December 14, 2018, the magistrate judge issued his Findings and Recommendation to Dismiss with Prejudice Petition under 18 U.S.C. § 2254 for Writ of Habeas Corpus ("F&R").  [Dkt. no. 4.]  On January 7, 2019, this Court issued an order adopting the F&R ("1/7/19 Order"), and the Clerk's Office entered the Judgment in a Civil Case ("Judgment").  [Dkt. nos. 6, 7.]  Jenkins did not file an appeal from the Judgment.

　　　　On May 11, 2020, Jenkins submitted a document ("5/11/20 Letter") stating that he "would [like] to file an appeal too reopen [his] class action lawsuit."  [Dkt. no. 9 at 3.]  The Court has considered the 5/11/20 Letter as a non-

hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The 5/11/20 Letter is hereby denied for the reasons set forth below.

## BACKGROUND

In the F&R, the magistrate judge found that Jenkins had failed to demonstrate that he was in custody or imprisoned, instead finding that he was homeless and staying at the Institute for Human Services.  F&R at 2-3; see also 28 U.S.C. § 2254)(a) (stating that a district court shall review a habeas corpus petition "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.").  Because Jenkins is proceeding pro se, this Court liberally construes his filings.  See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).  This Court liberally CONSTRUES Jenkins's 5/11/20 Letter as a motion for relief from the Judgment pursuant to Fed. R. Civ. P. 60.[1]

---

[1] In Gonzalez v. Crosby, the Supreme Court addressed the issue of when a Rule 60 motion for reconsideration of a
(. . . continued)

2

## **STANDARD**

Rule 60 states, in pertinent part:

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.  The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

dismissed § 2254 petition should be construed as a second or successive § 2254 Motion.  545 U.S. 524 (2005)  "The relevant provisions of the [Antiterrorism and Effective Death penalty Act of 1996]-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions. . . ."  Id. at 529.  However, "[a]s a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus.  Id. at 530 (citation and some quotation marks omitted).  As a preliminary matter, Jenkins is not a prisoner.  Furthermore, "a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."  Id.  "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application."  Id. at 533.  Therefore, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."  Id.  Here, neither the § 2254 Petition, the Judgment, nor the 5/11/20 Letter assert that Jenkins is a prisoner, reference a state court judgment of conviction, or assert a federal basis of relief from said judgment.  Therefore, the 5/11/20 Letter is not a second or successive § 2254 petition.

> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

A Rule 60(b) motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

The 5/11/20 Letter clearly indicates that Jenkins is going through a difficult time, and the Court is sympathetic. However, the 5/11/20 Letter is untimely with regard to Rule 60(b)(1), (2), and (3) because it was brought more than a year after entry of the Judgment.  There is no indication that the Judgment is void, satisfied, released, discharged, reversed, vacated, or inequitable as required for reconsideration under

4

Rule 60(b)(4) and (5).  Finally, Jenkins has not established any injury or circumstances beyond his control that prevented him from proceeding with his claims as required under Rule 60(b)(6). See Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) ("a party merits relief under Rule 60(b)(6) if he demonstrates extraordinary circumstances which prevented or rendered him unable to prosecute his case" (brackets, citations, and internal quotation marks omitted)).  Therefore, to the extent the 5/11/20 Letter constitutes a motion for Rule 60 relief from the Judgment, Jenkins's motion is HEREBY DENIED.

   To the extent the 5/11/20 Letter is seeking to appeal the 1/7/19 Order and the Judgment, the 5/11/20 Letter is liberally construed as a request for a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.  Jenkins's request for a certificate of appealability is hereby DENIED because reasonable jurists would not find the Court's dismissal of Jenkins's § 2254 Petition debatable.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

   Furthermore, Jenkins had sixty days from the entry of the Judgment on January 7, 2019 to file a notice of appeal.  See Fed. R. App. P. 4(a)(1)(B)(i).  The 5/11/20 Letter was filed well after the sixty-day window had closed.  Therefore, to the

extent the 5/11/20 Letter constitutes an appeal of the Judgment, it is denied as untimely.

## CONCLUSION

On the basis of the foregoing, Jenkins's 5/11/20 Letter is HEREBY DENIED to the extent it constitutes a motion for reconsideration of the Judgment, to the extent it seeks a certificate of appealability, and to the extent the 5/11/20 Letter itself constitutes an appeal of the Judgment.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 21, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LEWIS CHARLES JENKINS VS. RONALD REAGEN; CV 18-00485 LEK-RT;
ORDER DENYING PETITIONER'S MOTION TO REOPEN HIS CASE**